UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEDRIC MITCHELL,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICK DONOHOE,<br>POSTMASTER GENERAL,<br>UNITED STATES POSTAL<br>SERVICE,<br><br>        Defendants. | Case No. 14-cv-13916<br>Honorable Laurie J. Michelson<br>Magistrate Judge Mona K. Majzoub |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS [14]**

Plaintiff Kedric Mitchell, a former employee of the United States Postal Service ("USPS"), says that USPS started treating him differently after his wife filed a grievance in 2007 stemming from her termination from a USPS job, and discriminated against him due to his mental health issues. So he filed this lawsuit in 2014 against the Postmaster General and the USPS. Now before the Court is Defendant's Motion to Dismiss Certain Claims (Dkt. 14), which, with defendants' consent, the Court will apply to Plaintiff's newly-amended Complaint. (Dkt. 24.) The Court has carefully reviewed the briefing and heard oral argument on August 24, 2015. The sole issue before the Court is whether Plaintiff has adequately exhausted his administrative remedies such that he can proceed under the Rehabilitation Act on his claim that the USPS retaliated against him for his wife's conduct. The Court answers this question in the negative and therefore GRANTS Defendant's motion for partial dismissal.

**I. MOTION TO DISMISS STANDARD**

The Federal Rules of Civil Procedure require that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff "must allege 'enough facts to state a claim of relief that is plausible on its face.'" *Traverse Bay Area Int. Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility means that "the complaint has to 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ohio Police & Fire Pension Fund v. Std. & Poor's Fin. Servs., LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "This standard does not require detailed factual allegations, but a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (citation and internal quotation marks omitted).

The court must "accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to plaintiffs." *Bennet v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). The court "need not, however, accept unwarranted factual inferences." *Id.* (citing *Twombly*, 550 U.S. at 570). Nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" entitled to an assumption of truth. *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

On a motion to dismiss for failure to state a claim, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the

case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.  ALLEGATIONS OF THE AMENDED COMPLAINT

Mitchell attached an amended complaint to his response to Defendant's Motion to Dismiss. (*See* Dkt. 19-1, Am. Compl.) The Court construed this exhibit as a motion to amend the complaint and granted it on the record at the hearing conducted on August 24, 2015.

According to the Amended Complaint, Mitchell started working as a postal employee in October 1997. (Am. Compl. at ¶ 6.) His wife was also a postal employee, and she became pregnant in fall 2006. (*Id.* at ¶ 7.) The pregnancy was troubled and so Mitchell left work to care for his wife, resulting in his termination in December 2006. (*Id.* at ¶¶ 7–8.) After filing a grievance, Mitchell was reinstated in January 2007. (*Id.* at ¶ 10.) He then went on leave from February through September 2007, and his wife had the baby in May 2007. (*Id.* at ¶¶ 11, 12.)

Meanwhile, Mitchell's wife was terminated from her employment with the Postal Service in January 2007, though she did not find out about this until September. (*Id.* at ¶¶ 13, 14.) She filed a union grievance that was ultimately unsuccessful because it was untimely. (*Id.* at ¶¶ 15, 16.) Mitchell says that after his wife filed the grievance, his supervisors started treating him differently. (*Id.* at ¶ 18.) Specifically, "Anytime plaintiff had any concern, complaint, or grievance, it was brushed off by plaintiff's superiors as stemming solely from an animosity over plaintiff's wife's termination." (*Id.* at ¶ 19.)

Mitchell filed an Equal Employment Opportunity complaint in February 2009. (*Id.* at 21.) He did not mention the treatment due to his wife's termination; instead, he based his complaint on "discriminatory treatment for his depression." (*Id.* at ¶ 22.) During the proceedings, he moved

3

to amend the complaint to add allegations that "he was treated differently because of how defendant had treated his wife." (*Id.* at ¶ 23.) The administrative law judge ("ALJ") denied this request in a written order. (*Id.* at ¶ 26.) Defendant attached this referenced opinion to its briefing. (Dkt. 22-5.) In this order, the ALJ found, "First, the Complainant cannot amend his own complaint with his wife's claim of discrimination. . . . Finally, the claims involving these discrete acts arising in December 2006 and October 2007, are not timely to be brought at this late date in a complaint that he first sought EEO counseling on March 30, 2009." (*Id.* at 1–2.)

Mitchell took another leave of absence in September 2009 for his depression. (*Id.* at ¶ 25.) In June 2010, Mitchell's wife wrote a letter to his superiors. (*Id.* at ¶ 27.) The Amended Complaint does not attach or detail the contents of the letter – but Mitchell's December 2010 EEO complaint does. In his EEO complaint, he stated that during a meeting, his superiors informed him that "because of this letter, the Postal Service felt that due to my Medical Condition I may pose a danger to myself or others." (Dkt. 14-2, Dec. 2010 EEO Compl. at 0020.) But before this point, Plaintiff had "no history of violence or threatening behavior in his longtime employment with defendants." (*Id.* at 36.) Mitchell returned to work on August 2, 2010. (Am. Compl. at ¶ 28.) On or about August 10, 2010, Mitchell's supervisors called him into a meeting where he was asked to provide full access to his medical records. (*Id.* at ¶ 30.) They also asked him to "obtain a note from his doctor that he was not a danger to himself or others." (*Id.* at ¶ 32.) When Mitchell refused, he was fired and escorted off the premises. (*Id.* at ¶ 35.)

Mitchell filed a second EEO complaint in December 2010. (*Id.* at ¶ 37; Dec. 2010 EEO Compl.) He alleged that "he was being discriminated and retaliated against for filing the original EEO complaint." (*Id.* at ¶ 38.) He attempted to consolidate this complaint with his first EEO

4

complaint but was denied. (*Id.* at ¶ 39.) He says that during this time, he "made multiple attempts to return to work, but each attempt was denied." (*Id.* at ¶ 40.)

Mitchell's amended complaint asserts claims of discrimination and retaliation in one count under the Rehabilitation Act. (*Id.* at 42–54.) The claim encompasses Defendant's treatment of plaintiff due to his depression, his wife's grievance, and his prior EEO activity. (*See id.*) Now before the Court is Defendant's Motion to Dismiss. (Dkt. 14.) Defendant filed this motion prior to the Court granting Mitchell leave to file his amended complaint. But at oral argument, defense counsel stated that since Count I of the amended complaint is the same as Count II of the original complaint, the arguments presented in the motion could transfer to the amended complaint. Thus, the Court will address those arguments here.

## III. ANALYSIS

Defendant seeks to "limit[] [this case] to the issues Plaintiff exhausted at the administrative level: his claim of discrimination based on his disability, and his claim of retaliation arising from his prior Equal Employment Opportunities ("EEO") proceeding." (Dkt. 20, Def.'s Reply Br. at 2.) Thus, Defendant argues that Mitchell's Rehabilitation Act claim must be dismissed to the extent that he "failed to bring an administrative claim of retaliation arising from his wife's prior EEO activity, or other past activity by his wife opposing any USPS employment practices . . . ." (Def.'s Br. at 6.)

In the federal employment context, the Sixth Circuit has held that "Congress intended to require persons complaining of handicap discrimination in employment to exhaust administrative remedies before availing themselves of judicial remedies under the Rehabilitation Act." *Smith v. United States Postal Serv.*, 742 F.2d 257, 262 (6th Cir. 1984); *see also Hall v. United States Postal Serv.*, 857 F.2d 1073, 1077–78 n.4 (6th Cir. 1988) ("While it has not always been so, it is

5

now clear, at least in this circuit, that federal employees, including Postal Service employees, alleging handicap discrimination in employment may maintain private causes of action against their employers under both sections 501 and 504 of the Rehabilitation Act. . . . It is also clear that a handicapped person alleging discriminatory treatment must exhaust administrative remedies as a condition precedent to bringing an action under either section 501 or section 504.").

The administrative procedures pertaining to Rehabilitation Act claims are set forth in 29 C.F.R. § 1614.105 and they involve a meeting with a counselor, alternative dispute resolution procedures, and finally, filing an EEO Complaint. When examining whether claims have been exhausted, "The Sixth Circuit has stated that an EEO complaint 'should be liberally construed to encompass all charges 'reasonably expected to grow out of the charge of discrimination.''" *Karnes v. Runyon*, 912 F. Supp. 280, 284 (S.D. Ohio 1995) (citation omitted) (examining exhaustion of Rehabilitation Act and Title VII claims). Indeed, EEO complaints are filed by lay complainants and should not "result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading." *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir.1980).

Here however, it is clear that Mitchell's EEO Complaint concerned only Defendants' reaction to his mental health issues and his attempt to return to work in August 2010. The letter does not mention the manner in which he was treated after his wife's termination and subsequent grievance. Nor did Mitchell check the box for "retaliation" in the cover sheet. Indeed, his wife is only mentioned because she apparently wrote a letter about Mitchell's state of mind to his superiors. Therefore, from the Amended Complaint and the documents central to that Complaint,

6

the Court finds that Mitchell did not exhaust his administrative remedies for retaliation regarding his wife's union grievance.

Anticipating this conclusion, Mitchell argues that he did not exhaust the claims relating to his wife's termination because it would have been a "futile gesture." (Pl.'s Resp. at 12.) "Exhaustion is not required if it would be futile or inadequate to protect the plaintiff's rights." *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 917 (6th Cir. 2000) (analyzing the futility exception in the IDEA context) (citations omitted). However, "[f]utile claims concern inadequate administrative remedy." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 n.2 (6th Cir. 2001); *see also McCarthy v. Madigan*, 503 U.S. 140, 147–48 (1992) (stating that exhaustion may be excused where there is "doubt as to whether the agency was empowered to grant effective relief" (collecting cases)). Mitchell has "the burden of demonstrating futility or inadequacy" as he "seek[s] to bypass the administrative procedures." *Covington*, 205 F.3d at 917.

Here, it appears that Mitchell attempts to invoke the futility exception based on the ALJ's denial of his request to amend his first complaint. But the administrative procedures available to Mitchell were not inadequate to protect his rights simply because his only attempt to pursue a claim regarding his wife was found to be legally deficient. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001) ("Jones failed to demonstrate that he had exhausted his administrative remedies, admitting that no grievance had been filed because his counselor did not give him a grievance form. . . . He does not allege that there was no other source for obtaining a grievance form or that he made any other attempt to obtain a form or to file a grievance without a form."); *see also Wilson v. MVM, Inc.*, 475 F.3d 166, 176 (3d Cir. 2007) ("[A]ppellants alleged that they had attempted to appeal their termination and, because of a poor response to their attempts, any further efforts to exhaust administrative remedies would have been futile. While it is true that the

appellants made some attempts, their failed attempts [were not directed to the proper administrative body.] The appellants never brought a claim against the USMS before the EEOC and have made no argument as to why they failed to do so."). If anything, the ALJ's denial suggests that had Mitchell timely filed a Complaint and clarified that the retaliation claim was based on Defendant's conduct toward him and not toward his wife, he could have received some relief through the administrative process. *See S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 641–42 (6th Cir. 2008) (holding that IDEA exhaustion was not futile where some of the remedies plaintiff sought were available through the administrative process); *see also Broughton v. Wands*, No. CIV.A 10CV00119BNB, 2010 WL 1225011, at *2 (D. Colo. Mar. 23, 2010) ("Because Mr. Broughton has not completed the process of exhausting BOP administrative remedies, he cannot know whether his efforts to exhaust would be futile. Mr. Broughton may not exhaust "administrative remedies by, in essence, failing to employ them.").

## IV. CONCLUSION

Plaintiff failed to exhaust his retaliation claim based on his wife's union grievance and has not demonstrated that exhaustion would have been futile. Therefore, Defendant's Motion to Dismiss (Dkt. 14) will be GRANTED. It follows that Count I will be DISMISSED IN PART. The remaining claims in Count I are Mitchell's disability discrimination claim and his claim of retaliation based on his 2009 EEO complaint.

SO ORDERED.

                                                      s/Laurie J. Michelson
                                                      LAURIE J. MICHELSON
                                                      UNITED STATES DISTRICT JUDGE

Dated: August 31, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 31, 2015.

                                            s/Jane Johnson
                                            Case Manager to
                                            Honorable Laurie J. Michelson